UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCIO MARTINEZ QUINTERO,<br><br>                    Petitioner,<br><br>         v.<br><br>TAMMY FOSS,<br><br>                    Respondent. | No.  2:20-cv-0200 TLN CKD P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

After respondent was ordered to respond to the petition, petitioner moved for a stay and abeyance (ECF No. 8), but it was not clear whether he was seeking to stay a partially or fully unexhausted petition under Rhines v. Weber, 544 U.S. 269 (2005), or a fully exhausted petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Respondent then moved to dismiss the petition on the ground that Grounds One, Six, Seven, and Eight of the petition were unexhausted. (ECF No. 9).  In response to the motion to dismiss, petitioner filed a motion to amend the petition and a proposed first amended petition that removed the claims respondent asserted were unexhausted.  (ECF Nos. 13, 14.)  Respondent has not responded to either the motion for stay or the motion to amend, and petitioner has now filed another motion to amend which, though unclear, appears to seek to re-instate Ground One from the original petition (ECF No. 16).

Petitioner's first motion to amend (ECF No. 13) will be granted. Petitioner's second motion to amend (ECF No. 16) will be denied because petitioner has not included a proposed amended petition and the scope of the proposed amendment is not clear. The motion to stay (ECF No. 8) will be denied without prejudice to a motion in the proper form. Because the first amended petition supersedes the original petition and removes the claims respondent asserted were unexhausted, the motion to dismiss will be denied as moot. Petitioner will be given an opportunity to amend the petition and move for a stay, if he desires.

If petitioner chooses to amend the petition, the amended petition must include all of the claims he wants to make without referencing his previous petitions. In other words, petitioner cannot just say that he wants to add claims to the first amended petition. Any claims not specifically stated in the amended petition will not be considered. If petitioner does not file a second amended petition within the time granted, the case will proceed on the first amended petition.

If petitioner still wants to stay this case, he must file another motion for stay and is advised that he does not require and should not wait for an order from this court to exhaust his claims in state court, and he may pursue them in state court without delay.[1] A motion for stay must specify whether he is seeking a stay under Rhines v. Weber, 544 U.S. 269 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

A Rhines stay is available for (1) a petition containing only unexhausted claims, or (2) a petition that is "mixed" (contains both exhausted and unexhausted claims). Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). A Rhines stay preserves the federal filing date for unexhausted claims contained in the federal petition. In order to obtain a stay under Rhines, the petitioner must show that (1) good cause exists for his failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not intentionally delayed pursuing the litigation. Rhines, at 544 U.S. at 277-78.

Alternatively, a petitioner may seek to stay an exhausted-claims-only petition pursuant to

---

[1] The court takes no opinion as to whether any currently unexhausted claims will be timely once exhausted and brought in this court.

Kelly. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly). Under the Kelly procedure, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. Id. (citing Kelly, 315 F.3d at 1070-71). The procedure under Kelly is as follows: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his [federal] petition" to reincorporate the newly exhausted claims. Id. The Kelly stay-and-abeyance procedure does not require petitioner to demonstrate good cause or that the claims have merit. However, using the Kelly procedure means that any newly-exhausted claims later added to the federal petition by amendment must "relate back" to the claims in the stayed petition or otherwise satisfy applicable timeliness requirements. In other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." Id. at 1141.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay and abeyance (ECF No. 8) is denied without prejudice to a motion in the proper form.

2. Petitioner's first motion to amend (ECF No. 13) is granted and the case will proceed on the first amended petition (ECF No. 14).

3. Petitioner's second motion to amend (ECF No. 16) is denied.

4. Respondent's motion to dismiss (ECF No. 9) is denied as moot.

5. Within thirty days of the service of this order, petitioner may file a second amended petition. If petitioner does not file a second amended petition, this case will proceed on the first amended petition.

6. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

////

////

7. Within thirty days of the service of this order, petitioner may file a motion for stay and abeyance that complies with this order. If petitioner does not file a motion for stay, this case will proceed without a stay.

Dated: May 5, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:quin0200.misc