UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCIO MARTINEZ QUINTERO,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>TAMMY FOSS,<br><br>　　　　　　　　Respondent. | No.  2:20-cv-0200 TLN CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner is a state prisoner proceeding pro se.  On May 6, 2020, the court granted petitioner leave to file a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.  Petitioner has filed a second amended petition.  Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any claim if it is plain that the petitioner is not entitled to relief.  The court has conducted that review.

　　　　Petitioner asserts ineffective assistance of counsel in claims 7-11 and 13. In claims 7-10, petitioner alleges that trial counsel did not adequately investigate certain aspects of petitioner's defense.  However, petitioner does not indicate what further investigation would have revealed or how counsel's inaction prejudiced his case.   Accordingly, petitioner's claims do not meet the standard for ineffective assistance of counsel articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).

1

1         Petitioner claims vindictive prosecution in claim 12 and asserts his trial counsel was
2  ineffective for failing to assert that claim in claim 11.  However, plaintiff fails to point to anything
3  suggesting the prosecution was motivated by anything improper or that the prosecution violated
4  petitioner's rights in any way.
5         In claim 13, petitioner asserts that his trial counsel was ineffective for failing to discredit
6  the testimony of petitioner's brother, who is "mentally disabled."   However, petitioner fails to
7  indicate exactly how the testimony could have been discredited and how that could have made a
8  difference in petitioner's case.  Again, petitioner has not adequately alleged ineffective assistance
9  of counsel under Strickland.
10         In light of the foregoing, the court will recommend that claims 7-13 be summarily
11  dismissed.
12         Petitioner admits he has not exhausted state court remedies with respect to claim 6 and
13  asks the court for a stay pursuant to Rhines v. Weber, 544 U.S. 269, 278 (2005).
14         The exhaustion of state court remedies is a prerequisite to the granting of a petition for
15  writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  Pursuant to Rhines, the court may stay a habeas
16  petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause
17  for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially
18  have merit, and (3) petitioner has been diligent in pursuing relief.  Rhines, 544 U.S. at 277-78.
19         In claim 6, petitioner asserts that his trial counsel was ineffective for failing to call an alibi
20  witness.  The record before the court does not indicate that claim is not at least potentially
21  meritorious.
22         However, petitioner has not met the other two requirements for a Rhines stay.  Judgment
23  was entered in the Superior Court of Sacramento County on February 22, 2018.  While the court
24  expects that the decision whether to pursue petitioner's alibi claim up until that point was up to
25  trial counsel, nothing suggests that after judgment was entered petitioner could not have pursued
26  his alibi claim through a California petition for writ of habeas corpus.  Petitioner does not
27  adequately explain why he waited until June 23, 2020 to seek such relief.
28  /////

In light of the forgoing, the court will recommend that petitioner's request for a stay under Rhines be denied. As the second amended petition is mixed petition including both exhausted and unexhausted claims, and petitioner is not entitled to a stay under Rhines, the court will recommend that the second amended petition be dismissed. See Rose v. Lundy, 455 U.S. 509 (1982).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Claims 7-13 in petitioner's second amended petition for writ of habeas corpus be summarily dismissed;

2. Petitioner's motion for a stay (ECF No. 22) pursuant to Rhines v. Weber, 544 U.S. 269, 278 (2005) be denied;

3. Petitioner's second amended petition for a writ of habeas corpus be dismissed as a mixed petition containing both exhausted and unexhausted claims; and

4. This case be remanded to the undersigned for further proceedings as to claims 1-5 in the second amended petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 28, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
quin0200.sty