UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCIO MARTINEZ QUINTERO,<br><br>Petitioner,<br><br>v.<br><br>TAMMY FOSS,<br><br>Respondent. | No. 2:20-cv-00200-TLN-CKD<br><br><br>**ORDER** |

Petitioner Laurencio Martinez Quintero ("Petitioner"), a state prisoner proceeding *pro se*, has filed this Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 29, 2020, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 28.) On February 16, 2021, Petitioner timely filed Objections to the Findings and Recommendations.[1] (ECF No. 31.)

///

---

[1] Plaintiff requested and was granted a 60-day extension of time to file objections. (ECF Nos. 29, 30.)

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this Court has conducted a *de novo* review of this case.  *See also McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).  Having reviewed the file under the applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the Court has considered whether to issue a certificate of appealability.  Before Petitioner can appeal this decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  *See* Fed. R. App. P. 22(b).  Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)).  For the reasons set forth in the Findings and Recommendations (ECF No. 28), the Court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed December 29, 2020 (ECF No. 28), are ADOPTED IN FULL; and

2. Claims 7–13 in Petitioner's Second Amended Petition for Writ of Habeas Corpus are summarily DISMISSED;

3. With respect to Claim 6, Petitioner's Motion for a Stay pursuant to *Rhines v. Weber*, 544 U.S. 269, 278 (2005), is DENIED (ECF No. 22);

      4. Petitioner's Second Amended Petition for a Writ of Habeas Corpus is DISMISSED as a mixed petition containing both exhausted and unexhausted claims; and

      5. This case is remanded to the magistrate judge for further proceedings as to Claims 1–5 in the Second Amended Petition.

      IT IS SO ORDERED.

DATED: March 19, 2021

                                                Troy L. Nunley
                                                United States District Judge