UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCIO MARTINEZ QUINTERO,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>TAMMY FOSS,<br><br>　　　　　　Respondent. | No.  2:20-CV-00200-TLN-CKD P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  Currently pending before the court is petitioner's motion for a stay and abeyance in order to exhaust his state court remedies.  ECF No. 34.  Respondent has not filed an opposition and the time to do so has expired.

**I.　　Factual and Procedural History**

By order dated March 22, 2021, claims 7-13 of the second amended § 2254 petition were summarily dismissed by the district judge assigned to this case.  ECF No. 32.  The court further denied petitioner a stay and abeyance of claim 6 raising an ineffective assistance of counsel claim pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  ECF No. 32.  Because claim six was unexhausted, resulting in a mixed habeas petition, it was also dismissed from the petition.  Id.  In the same order, this case was remanded for further proceedings as to Claims 1-5 which are fully exhausted.  ECF No. 32 at 3.  Petitioner has filed a motion to stay this proceeding  pursuant to

1  Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), while he exhausts state remedies as to his
2  unexhausted ineffective assistance of counsel claims.  ECF No. 34.

3  **II.    Legal Standards**

4  The exhaustion of state court remedies is a prerequisite to the granting of a petition for
5  writ of habeas corpus. 28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement
6  by providing the highest state court with a full and fair opportunity to consider all claims before
7  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
8  Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  The United States Supreme Court has held that a
9  federal district court may not entertain a petition for habeas corpus unless the petitioner has
10 exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509
11 (1982).

12 A "Kelly stay," as outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), involves the
13 following three-step process:

14 (1) petitioner amends his petition to delete any unexhausted claims;
15 (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing
16 petitioner the opportunity to proceed to state court to exhaust the deleted claims; and
17 (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the
18 original petition.

19 King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  A Kelly stay does not require petitioner to
20 demonstrate good cause for failing to exhaust state court remedies before seeking habeas relief in
21 federal court.  King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009).  A petitioner who proceeds
22 under Kelly may amend his petition with newly exhausted claims if they are timely under the
23 statute of limitations governing the filing of federal habeas petitions.  If a petitioner's newly-
24 exhausted claims are untimely, he may amend his petition to include them only if they share a
25 "common core of operative facts" with the claims in the original federal petition.  See King, 564
26 F.3d at 1140–41; see also Duncan v. Walker, 533 U.S. 167, 172–75 (2001) (unlike the filing of a
27 state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).
28 /////

### III.  Analysis

Because there is no opposition to petitioner's motion for a stay and no need for petitioner to demonstrate good cause under Kelly to obtain such a stay, petitioner's motion is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a stay and abeyance pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), is granted.
2. Petitioner is directed to file a status report in this court every 90 days explaining the status of his state court proceedings.
3. Within 30 days from the California Supreme Court's decision, petitioner is ordered to file a third amended § 2254 petition in this court containing all his claims for relief as well as a motion to lift the stay.

Dated:  November 1, 2021

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/quin0200.m2stay.kelly.docx