1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAURENCIO MARTINEZ QUINTERO,            No.  2:20-cv-0200-TLN-CKD P

12                 Petitioner,

13        v.                                 ORDER AND

14   TAMMY FOSS,                             FINDINGS & RECOMMENDATIONS

15                 Respondent.

16

17

18        Petitioner Laurencio Quintero, a state prisoner, proceeds pro se and seeks habeas corpus

19   relief under 28 U.S.C. § 2254. Respondent[1] filed a motion to dismiss the operative third petition

20   on the basis that it contains unexhausted claims for relief and subclaims. (ECF No. 56.) Petitioner

21   concedes he presented unexhausted claims in the operative petitioner and requests a stay and

22   abeyance to exhaust additional claims in state court. (ECF Nos. 62, 68.) For the reasons discussed

23   below, the undersigned recommends granting the motion to dismiss, denying petitioner's request

24   for a Rhines[2] stay, and granting petitioner a Kelly[3] stay.

25   _____

26   [1] The court will substitute Acting Warden Janan Cavagnoloas as respondent in place of Tammy
     Foss. See Federal Rule of Civil Procedure 25(d).
27   [2] Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) ("Rhines").
     [3] Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v.
28   Carey, 481 F.3d 1143 (9th Cir. 2007) ("Kelly").

                                          1

1          **I.       Procedural Background**

2          Following a jury trial in the Sacramento County Superior Court, petitioner was convicted

3   of first degree murder and first degree residential burglary. (ECF No. 10-1 at 1-2.) Several

4   sentencing enhancements were found true. (Id.)  Petitioner was sentenced to an indeterminate

5   state prison term of sixty years and eight months to life. (Id. at 2.)

6          On direct review, the California Court of Appeal struck two firearm enhancements and

7   affirmed the judgment as modified. (ECF No. 10-1.) Petitioner presented a petition for review to

8   the California Supreme Court. (ECF No. 10-2.) The California Supreme Court denied the petition

9   for review on December 18, 2019. (ECF No. 10-3.)

10          Petitioner initiated this action on January 27, 2020. Proceedings in this action were

11   previously stayed while petitioner returned to state court to exhaust some of his grounds for relief.

12   (See ECF Nos. 35, 39.) Petitioner challenged the judgment in a post-conviction collateral action

13   through a petition for writ of habeas corpus filed in the California Supreme Court on October 13,

14   2023. (ECF No. 57-1.) The petition was denied on February 14, 2024. (ECF No. 57-2.)

15          In the present action, petitioner proceeds on the third amended federal petition on March

16   7, 2024.[4] (ECF No. 48.) The third amended petition raises fourteen grounds for relief.

17          In the motion to dismiss presently before the court, respondent asserts petitioner has failed

18   to exhaust state court remedies on grounds one, six, eight, nine (a), nine (b), ten, twelve, thirteen,

19   and fourteen (a) through (f) of the third amended federal petition.[5] (ECF No. 56 at 4.)

20          In opposition to the motion to dismiss, petitioner concedes he has presented unexhausted

21   claims in the third amended federal petition. (ECF No. 66 at 1.) Petitioner also seeks to stay the

22   third amended petition. (ECF No. 62, 68.) Respondent opposes petitioner's request for a Rhines

23   stay but does not oppose a Kelly stay. (ECF Nos. 65, 69.)

24   ////

---

25   [4] The constructive filing date was calculated using the prison mailbox rule. See Houston v. Lack,
26   487 U.S. 266 (1988) (establishing prison mailbox rule).
     [5] Respondent assigned the subclaims within petitioner's grounds eight, nine, and fourteen which
27   appear to raise more than one discrete issue. See Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir.
     1992) (noting that different reasons for claiming ineffective assistance constitute different claims
28   for exhaustion purposes)

1    **II.    Legal Standards**

2        **A.  Exhaustion of State Court Remedies**

3        The exhaustion of state court remedies is a prerequisite to the granting of a petition for

4    writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement

5    by providing the highest state court with a full and fair opportunity to consider each habeas claim

6    before presenting it to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v.

7    Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985). The prisoner must "fairly present" both the operative

8    facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby

9    alerting that court to the federal nature of the claim." <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004);

10   <u>see Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by <u>Robbins

11   v. Carey</u>, 481 F.3d 1143 (9th Cir. 2007). The United States Supreme Court has held that a federal

12   district court may not entertain a petition for habeas corpus unless the petitioner has exhausted

13   state remedies with respect to each of the claims raised. <u>Rose v. Lundy</u>, 455 U.S. 509, 822 (1982)

14   (establishing the total exhaustion rule).

15       **B.  Stay and Abeyance**

16       The court may stay a mixed federal habeas application if petitioner demonstrates (1) good

17   cause for the failure to previously exhaust the claims in state court, (2) the claims at issue

18   potentially have merit, and (3) petitioner has been diligent in pursuing relief. <u>See Rhines v.

19   Weber</u>, 544 U.S. at 278; <u>Mena v. Long</u>, 813 F.3d 907, 910-12 (9th Cir. 2016) (applying the stay

20   and abeyance procedure to wholly unexhausted petitions). If petitioner fails to establish any of

21   these three factors, then a <u>Rhines</u> stay is not appropriate.

22       In determining what constitutes good cause sufficient for a <u>Rhines</u> stay, the Ninth Circuit

23   Court of Appeals has determined that a petitioner does not have to demonstrate extraordinary

24   circumstances. <u>Jackson v. Roe</u>, 425 F.3d 654, 661-662 (9th Cir. 2005). Good cause is established

25   when petitioner submits a "reasonable excuse, supported by sufficient evidence, to justify that

26   failure" to previously exhaust state court remedies. <u>Blake v. Baker</u>, 745 F.3d 977 (9th Cir. 2014).

27   However, the court must not "endorse such a broad interpretation of 'good cause' that allow[s]

28   for routine stays of mixed petitions" as that would undermine the two purposes of the AEDPA to

1    reduce delays in reviewing state criminal convictions and to streamline federal habeas

2    proceedings. Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)

3        A second type of a stay is referred to as a "Kelly" stay. Under Kelly v. Small, 315 F.3d

4    1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the

5    petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in

6    abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to

7    state court to exhaust the deleted claims; and, (3) petitioner later amends his petition and re-

8    attaches the newly-exhausted claims to the original petition. This is a more cumbersome

9    procedure than a Rhines stay because it requires a prisoner to file multiple amended federal

10   habeas petitions, but it does not require petitioner to demonstrate good cause for the failure to

11   exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, a Kelly stay runs the

12   risk of preventing review on the merits of any unexhausted claim for relief due to the one-year

13   statute of limitations governing federal habeas claims. See King, 564 F.3d at 1140-41

14   (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his

15   unexhausted claims back into his federal petition once he has exhausted them only if those claims

16   are determined to be timely. Demonstrating timeliness will often be problematic under the now-

17   applicable legal principles."); see also 28 U.S.C. § 2244(d)(1) (stating that a one-year period of

18   limitation shall apply to all federal habeas petitions challenging a state court judgment).

19        **III.    Discussion**

20        Petitioner argued in his state petition for review that (1) a strike finding violated his right

21   to jury trial; (2) the sentence for negligent discharge of a firearm should be stayed under Penal

22   Code § 654; (3) the firearm enhancement instruction was prejudicial; and (4) there was

23   insufficient evidence to sustain findings of premeditation and deliberation. (ECF No. 10-2.)

24        Petitioner argued in his state habeas petition that (1) trial counsel provided ineffective

25   assistance because counsel failed to secure and subpoena alibi witnesses including Lilly Grouza

26   and Mr. Grouza[6] and present that defense at trial; and (2) the trial court abused its discretion at an

27

28   _____

     [6] The correct spelling of these individuals' names is unclear.

1  evidentiary hearing. (ECF No. 57-1.)

2        Considering the above grounds raised to the highest state court, petitioner has not properly

3  exhausted the following grounds for relief presented in the third amended federal petition:

4  • the trial court failed to instruct the jury regarding specific intent to kill in order to find

5     petitioner guilty of murder on an aiding and abetting theory (ground one, ECF No. 48

6     at 5-10);

7  • respondent conceded that the firearm enhancements pursuant to 12022.53,

8     subdivisions (b) and (c) are inapplicable to count two (ground six, ECF No. 48 at 27);[7]

9  • trial counsel provided ineffective assistance by failing to investigate Bridgette[8]

10    Mendoza (who said she knew the drivers of the BMW involved in the shooting) to

11    discredit unfavorable testimony and establish petitioner's innocence (as raised in

12    ground eight, ECF No. 48 at 28-29);

13 • trial counsel provided ineffective assistance by failing to question the "son or nephew"

14    of "Belinda" (who drove a black BMW and stated to law enforcement that he did not

15    associate with petitioner) to discredit unfavorable testimony and establish petitioner's

16    innocence (as raised in ground 8, ECF No. 48 at 29-30);

17 • trial counsel provided ineffective assistance by failing to file a motion to dismiss

18    charges based on (1) vindictive prosecution when the prosecutor moved to join and

19    consolidate cases in order to convict petitioner of first degree murder on an aiding and

20    abetting theory and (2) the prosecutor's decision to ignore evidence of other

21    individuals' involvement in the crimes in order to secure a conviction) (ground nine,

22    ECF No. 48 at 29-32);

23 • the prosecutor committed prosecutorial misconduct by joining charges and charging

24    Petitioner with murder under an aiding and abetting theory without having proof of

25    actual participation (ground ten, ECF No. 48 at 33);

26

27 [7] This issue was resolved in petitioner's favor on direct appeal. (See ECF No. 10-1 at 37.) It is moot.

28 [8] The correct spelling of Ms. Mendoza's name is unclear.

- trial counsel labored under a conflict of interest because petitioner had made a Marsden motion that was denied (ground twelve, ECF No. 48 at 37-38);

- newly found evidence of alibi (Lily Grouza's ability to provide an alibi) which petitioner was not allowed to amend to his state supreme court review petition (ground thirteen, ECF No. 48 at 39);

- three cases were improperly joined and consolidated, confusing the jury and causing them to believe that the three cases were one continuous event (as raised in ground fourteen, ECF No. 48 at 40-45);

- evidence of gun use in one case was allowed to imply gun use in another case (as raised in ground fourteen, ECF No. 48 at 40-41);

- the prosecutor knowingly allowed the false testimony of Lydinana Gorastiza (as raised in ground fourteen, ECF No. 48 at 40-45);

- the prosecutor committed misconduct by not prosecuting other gun charges because there was a chance that individuals would testify petitioner was not the shooter in this case (as raised in ground fourteen, ECF No. 48 at 40-45);

- trial counsel provided ineffective assistance by not admitting into evidence the family feud between the Adams family and Sophia Levero (as raised in ground fourteen, ECF No. 48 at 42-43); and

- the prosecutor falsely charged petitioner's co-defendant with crimes solely as a means to charge petitioner and then dropped the charges against the co-defendant (as raised in ground fourteen, ECF No. 48 at 40-45).

Neither of petitioner's two filings to the state supreme court raised the above grounds for relief. (See ECF Nos. 10-2 at 2; 57-1.) The pending habeas petition contains both exhausted and unexhausted claims for relief, rendering it a mixed petition. Unless petitioner can establish he is entitled to a stay of this action pursuant to Rhines, respondent's motion to dismiss the mixed petition should be granted. See Rose, 455 U.S. at 822.

In support of good cause to grant his request for a stay, petitioner states he did not understand these unexhausted grounds should have been brought up on their own merits until

respondent made it clear in the motion to dismiss. (ECF No. 68 at 1.) Petitioner also states he was unaware of laws regarding right to post-conviction discovery until he went to the law library. (ECF No. 70 at 2.) He asks the court for leniency. (Id.) Petitioner does not demonstrate good cause. See Blake, 745 F.3d 977, 982 (9th Cir. 2014) (bald assertion unsupported by evidence does not suffice to show good cause); Torres v. McDowell, 292 F. Supp. 3d 983, 988 (C.D. Cal. 2017) ("In general, lack of legal knowledge or ignorance of the law does not constitute good cause warranting a Rhines stay…."). Because petitioner does not demonstrate good cause for a Rhines stay, the undersigned recommends granting respondent's motion to dismiss the third amended federal petition.

The stay and abeyance procedure that remains available to petitioner is the procedure outlined in Kelly v. Small, 564 F.3d 1133 (9th Cir. 2009). Petitioner does not need to demonstrate "good cause" for his lack of exhaustion in order for a Kelly stay to issue. Thus, the undersigned recommends a Kelly stay be issued in this case allowing petitioner the opportunity to exhaust further grounds for relief.

### IV.    Plain Language Summary for a Pro Se Party

The following information is intended to help a party proceeding without counsel understand this order. This information is not intended as legal advice.

The undersigned magistrate judge is recommending your third amended federal habeas petition be dismissed because it contains unexhausted grounds for relief. The undersigned is also recommending your request for a Rhines stay be denied and that you be granted a Kelly stay. This is not a decision that your unexhausted claims have potential merit or that they will receive federal review.

Under a Kelly stay, you will need to file a fourth amended federal petition containing only exhausted claims and omitting the unexhausted grounds for relief identified above. When state court remedies are exhausted, you must file a motion to lift the stay of this case along with a fifth amended petition that includes all exhausted claims for relief.

If you disagree with any of these recommendations, you have 14 days to inform the court. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The

1    assigned district court judge will review any objections and make the final decision.

2         **V.    Conclusion and Recommendation**

3         In accordance with the above, IT IS ORDERED that the court substitutes Acting Warden

4    Janan Cavagnoloas as respondent in place of Tammy Foss pursuant to Rule 25(d) of the Federal

5    Rules of Civil Procedure.

6         In addition, IT IS RECOMMENDED as follows:

7         1.    Respondent's motion to dismiss (ECF No. 56) be granted.

8         2.    Petitioner's motions to stay his mixed federal habeas petition (ECF No. 62, 68)

9               pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), be denied for lack of good cause

10              shown.

11        3.    Petitioner be granted a stay of these proceedings pursuant to <u>Kelly v. Small</u>, 315 F.3d

12              1063 (9th Cir. 2003).

13        These findings and recommendations are submitted to the United States District Judge

14   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after

15   being served with these findings and recommendations, any party may file written objections with

16   the court and serve a copy on all parties. Such a document should be captioned "Objections to

17   Magistrate Judge's Findings and Recommendations." Any response to the objections shall be

18   filed and served within fourteen days after service of the objections. The parties are advised that

19   failure to file objections within the specified time may waive the right to appeal the District

20   Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

21   Dated:  08/11/25

22                                              _____
                                                CAROLYN K. DELANEY
23                                              UNITED STATES MAGISTRATE JUDGE

24

25
     8, quin0200.mtd
26

27

28

                                          8